# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON M. ESCAMILLA,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00364-KES-SAB<br><br>ORDER RE: STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 19)_ |

    In order to facilitate discovery in this matter, Plaintiff and Defendant, through their respective attorneys of record, stipulate as follows:

    1.    Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The information at issue in this case consists of investigative materials and certain personnel records. The particularized need for the protection of these records is two-fold. First, CDCR treats personnel documents as

confidential in that the information contained therein would not ordinarily be disclosed to other persons or entities because the information is protected under state or federal law. Further, CDCR believes that disclosure of personnel records, without protection will impair staff's authority, reduce staff effectiveness in dealing with inmates, and interfere with staff's ability to do an already difficult job.

2. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

3. The parties further acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential information under seal; and that Eastern District Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## DEFINITIONS

4. **Party**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, house counsel and outside counsel, as well as their support staff.

5. **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery by any Party in this matter.

6. **Confidential Information or Items**: The information at issue in this case consists of Defendant's personnel and disciplinary records.

7. **Receiving Party**: A party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or comparable testimony.

8. **Producing Party**:  A party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulation and Order pursuant, a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

9. **Designating Party**:  A party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

10. **Protected Material**:  Any Disclosure or Discovery Material that is designated as "Confidential" under the provisions of this Stipulation and Protective Order.

11. **Expert**:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).

## **SCOPE**

12. The protections conferred by this Stipulation and Order cover not only Confidential Documents, but also: (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations; and (3) any testimony, conversations, or presentations by Parties or their Counsel.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its

disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall not be governed by this Order, and may be governed by a separate agreement or order.

## DURATION

13. Even after disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect. Disposition shall be deemed to be the later of:

(1) dismissal of all claims and defenses in this action, with or without prejudice; and

(2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## DESIGNATING CONFIDENTIAL MATERIAL

14. **Exercise of Restraint in Designating Material as Confidential**. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or

retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

15. **Manner and Timing of Designations**. Except as otherwise provided in this Order, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) **Documents**. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential" legend to each page that contains Protected Material. If only a portion of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  **Testimony**.  For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of this Stipulation and Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the Producing Party.

16.  **Inadvertent Failure to Designate**.  If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order.

# CHALLENGING CONFIDENTIALITY DESIGNATIONS

17. **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

18. **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

19. **Procedure**. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

20. **Judicial Intervention**. If the Parties cannot resolve a challenge without intervention, the Designating Party shall file and serve a motion to retain confidentiality under Eastern District Local Rule 230 and 251 (and in compliance with Eastern District Local Rules 141 and 141.1, if applicable) within 14 days of the

parties agreeing that the meet and confer process will not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier.

21. **Motion**. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

22. **Burden of Persuasion**. The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

23. **Withdrawal of "Confidential" Designation**. At its discretion, a Designating Party may remove confidential information from some or all of the protections and provisions of this Stipulation and Order at any time by any reasonable method.

### ACCESS TO AND USE OF PROTECTED MATERIAL

24. **Basic Principles**. A Receiving Party may use confidential information that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

25. **Disclosure of "Confidential" Information**.  Until and unless the Court holds otherwise, all documents and copies thereof marked "Confidential" will not be distributed to the Plaintiff, who is currently incarcerated.  Plaintiff, however, upon reasonable notice will be permitted to review the Confidential documents in the litigation coordinator's office.  Except as otherwise stated, a Receiving Party may disclose confidential information to a party's experts or associates of the party's attorneys.  The parties further agree that this provision does not affect Plaintiff's rights to request the Court to modify this Stipulation and Order and permit Plaintiff to have copies of the Confidential documents.

So stipulated:

Dated:  February 3, 2025				REILY & JEFFERY, INC.


							*s/ Janine K. Jeffery*
							Janine K. Jeffery
							Attorney for Defendants N. Flores,
							G. Barrera, and G. Rivera

Dated:  February 3, 2025				ROBERT CHALFANT LAW, PC


							*s/ Robert Chalfant*
							Robert Chalfant
							Attorney for Plaintiff

/ / /

/ / /

/ / /

/ / /

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is ENTERED;

2. The provisions of the parties' stipulation and this protective order shall remain in effect until further order of the Court;

3. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

4. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); and

5. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:   **February 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge